In the Matter of FRANK P. GUIDOTTI, Appellant, against THOMAS J. MANGAN et al., Constituting the Board of Regents of the University of the State of New York, et al., Respondents.— Appeal from an order at Special Term, Albany County, dismissing on the merits the petition of appellant which sought an order under article 78 of the Civil Practice Act, directing the respondents to indorse the New Jersey medical license of the petitioner-appellant as a license to practice medicine in the State of New York pursuant to subdivision 3 of section 51 of the Education Law. The statute referred to grants to the Board of Regents the power to indorse and approve a medical license which has been granted to an applicant in another State in case the requirements for the issuance of such license are substantially the equivalent of the requirements for a medical license in New York State. The statute further provides

that when the evidence presented is not sufficient to warrant such indorsement, the Regents may require the applicant to pass such subjects as may be required by statute or rules of the Regents to establish that the applicant is worthy to receive the indorsement. The Regents determined that the applicant had not shown that he had completed the required course of study to entitle him to the indorsement prayed for although he had a medical license to practice in the State of New Jersey. There is evidence to justify such determination. The denial was without prejudice to his right to an examination to determine his fitness. In his second year at Jefferson Medical College applicant failed to pass four of the seven required courses and was dropped from the rolls of that institution. He was not given credit for the work of that year. Instead of repeating that year's course he entered the Medical Department of the University of Naples. He was enrolled as a third-year student and was given credit for completing his second year's work, which he had not completed and in which he had failed. The appellant claims that he made up the required work at the University of Naples. He did not establish this to the satisfaction of the Regents and there seems to be some question of the time he had been in actual practice. In the judgment of the Regents the appellant failed to present satisfactory evidence that the requirements for the issuance of his New Jersey license were substantially the equivalent of the requirements in force in this State. These requirements are set forth in subdivision 4 of section 1256 of the Education Law and contemplate the completion of not less than four satisfactory yearly courses of at least eight months each. Great discretion is vested in the Board of Regents regarding licenses and their approval. Where life or health is involved this discretion is justified and should not be disturbed. As a further answer to the petition the respondents urge that the appellant is barred from relief as he is precluded by the four months' limitation under section 1286 of the Civil Practice Act. That objection would seem to be well taken. The order appealed from should be affirmed. Order affirmed. Heffernan, Foster and Lawrence, JJ., concur; Hill, P. J., and Brewster, J., dissent and vote to remit the matter to the Board of Regents.